IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LG CHEM, LTD. and TORAY INDUSTRIES, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 19-1805-CFC |
| v. | ) | |
| SK INNOVATION CO., LTD. and SK BATTERY AMERICA, INC., | ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION TO STAY LITIGATION PURSUANT**
**TO 28 U.S.C. § 1659 AND COURT'S DISCRETIONARY AUTHORITY**

Dated: November 18, 2019

OF COUNSEL:
Blaney Harper
Vishal Khatri
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939

Yeah-Sil Moon
Stuart W. Yothers
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939

Anthony M. Insogna
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
(858) 314-1200

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendants*
*SK Innovation Co., Ltd. and*
*SK Battery America, Inc.*

# TABLE OF CONTENTS

**Page**


I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS .................................. 1

II. SUMMARY OF ARGUMENT .......................................................................... 1

III. BACKGROUND FACTS .................................................................................. 1

IV. ARGUMENT ................................................................................................... 2

V. CONCLUSION ................................................................................................ 4

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Alloc, Inc. v. Unilin Decor N.V.*,
No. Civ.A. 03–253–GMS, 2003 WL 21640372 (D. Del. July 11, 2003) ................................3

*Graphic Props. Holdings, Inc. v. Toshiba America Info., Sys., Inc.* ,
No. 12–213–LPS, 2014 WL 923314 (D. Del. Mar. 5, 2014)............................................... 3, 4

*Hideki Elecs. v. Lacrosse Tech.*,
No. 04-CV-1862-BR , 2006 U.S. Dist. LEXIS 42296 (D. Or. June 5, 2006) ...........................3

*Landis v. North Am. Co.*,
299 U.S. 248 (1936) ..........................................................................................................3

*SanDisk Corp. v. Phison Elecs. Corp.*,
538 F. Supp. 2d 1060 (W.D. Wis. 2008) ..........................................................................3

*SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC.*,
2019 WL 1244948 (D. Del. Mar. 18, 2019) .............................................................3, 4

**STATUTES**

19 U.S.C. § 1337..........................................................................................................1, 2

28 U.S.C. § 1659 (a)(1)-(2).......................................................................................... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b) ..........................................................................................................3

## I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Defendants SK Innovation Co., Ltd. and SK Battery America, Inc. (collectively, "SK") hereby move this Court for a stay of the current litigation pursuant to 28 U.S.C. § 1659 and the Court's discretionary authority. The Complaint in this case was filed on September 26, 2019. The parties jointly stipulated to an extension of time for SK to Answer (or otherwise move) until December 16, 2019. This motion is not opposed by Plaintiffs LG Chem, Ltd. and Toray Industries, Inc. (collectively, "LGC").[1]

## II. SUMMARY OF ARGUMENT

Under 28 U.S.C. § 1659, on timely request, a district court shall stay a civil action that involves the same issues as involved in a pending ITC Investigation. Also, a district court may stay an action pursuant to its discretionary authority. The complaint in the current action alleges infringement of five (5) patents, four (4) of which are also the subject of infringement allegations against the same parties in a recently instituted ITC Investigation. The remaining (fifth) patent is related as a continuation of one of the four (4) ITC Patents. The issues regarding this fifth patent are similar to, and intertwined with, those of the ITC Patents. The Court should stay the current district court litigation concerning the four ITC Patents under 28 U.S.C. § 1659, and further, stay the litigation as to the remaining patent pursuant to its discretionary authority because such a stay will simplify the issues and is not opposed by LGC.

## III. BACKGROUND FACTS

On September 26, 2019, LGC filed a complaint against SK in the International Trade Commission ("ITC") alleging violation of section 337 of the Tariff Act of 1930, as amended, 19

---

[1] Counsel for SK conferred with LGC's counsel on November 12 concerning this motion. LGC's counsel indicated that LGC does not oppose this motion to stay.

U.S.C. § 1337, for infringement of United States Patent Nos. 7,662,517 ("the '517 patent"); 7,638,241 ("the '241 patent"); 7,709,152 ("the '152 patent") and 7,771,877 ("the 877 patent") (collectively, "ITC Patents"). A copy of the ITC complaint is attached hereto as Exhibit A. The ITC instituted the Investigation as No. 337-TA-1181 ("the 1181 Investigation") and the Notice of Institution of Investigation -- which defines the scope of the Investigation and serves as notice to the public of the Investigation -- was published in the Federal Register on November 4, 2019. A copy of the Notice of Institution of Investigation is attached hereto as Exhibit B.

A parallel (to the 1181 Investigation) district court complaint was filed here, in the United States District Court for the District of Delaware, by LGC on September 26, 2019. In this parallel district court case, LGC alleges infringement of the same four patents by the exact same parties (SK) as in the ITC Investigation. LGC also alleges infringement (by SK) of an additional patent, United States Patent No. 8,012,626 ("the '626 patent"). The '626 patent is related to the '877 patent as a continuation. The '626 patent has the same specification and all the same inventors as the '877 patent. Additionally, the file history of the '877 patent will be intrinsic evidence for claim construction concerning the '626 patent. All the factual and legal issues regarding the infringement allegations of the '626 patent are similar to, and intertwined with, those of the '877 patent.

## IV. ARGUMENT

Upon timely request of any party to a civil action that is also a respondent in an ITC Investigation, the Court "*shall stay*, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a) (emphasis added). This stay is mandatory and may be denied only if the request is not made within thirty days from the later of (1) the party being named a respondent in a proceeding before the ITC, or (2) the filing of the

district court action.[2] 28 U.S.C. § 1659(a)(1)-(2); *see also SanDisk Corp. v. Phison Elecs. Corp.,* 538 F. Supp. 2d 1060, 1064 (W.D. Wis. 2008) ("28 U.S.C. § 1659 includes a mandatory stay provision which limits the timing of [] parallel actions").

District courts also have the discretionary authority "to stay litigation under their inherent power to control their own dockets." *Graphic Properties Holdings, Inc. v. Toshiba America Info., Sys., Inc.,* No. 12–213–LPS, 2014 WL 923314, at *2 (D. Del. Mar. 5, 2014) (*citing, Landis v. North Am. Co*., 299 U.S. 248, 254-55 (1936)). "In determining whether to grant a discretionary stay, a court considers;

(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
(2) whether a stay will simplify the issues in question and trial of the case; and
(3) whether discovery is complete and whether a trial date has been set.

*Id.* (*citing, Alloc, Inc. v. Unilin Decor N.V.,* No. Civ.A. 03–253–GMS, 2003 WL 21640372, at *2 (D. Del. July 11, 2003).

The mandatory stay pursuant to 28 U.S.C. § 1659 applies to the present district court litigation relating to the '517, '241, '152 and '877 patents. The present case "involves the same issues" as the ITC Investigation because both concern infringement allegations based on a set of overlapping patents (the ITC Patents) and the parties are identical. *See, SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC.,* 2019 WL 1244948, at *1 (D. Del. March 18, 2019) (staying litigation

[2] This motion is timely, as it was filed within thirty days of Defendants "[being] named a respondent in [a] proceeding before the Commission" *See,* 28 U.S.C. § 1659(a)(1). The ITC published its Notice of Investigation on November 4, 2019, initially designating SK as respondents in the 1181 Investigation. *See,* Exhibit B. This motion is purely procedural and does not waive SK's rights to petition this Court regarding jurisdiction, or any other relief due under the law. *See, Hideki Elecs. v. Lacrosse Tech.,* No. 04-CV-1862, 2006 U.S. Dist. LEXIS 42296 (D. Or. June 5, 2006) (after court lifted stay under 28 U.S.C. § 1659, defendants successfully moved for dismissal pursuant to FRCP 12(b) for lack of jurisdiction).

regarding overlapping patents asserted against the same defendant in the ITC and the district court pursuant to mandatory stay of 28 U.S.C. § 1659).

The difference between the present district court case and the 1181 ITC Investigation is that the district court case includes an extra allegation of infringement of the '626 Patent (by the same parties) that is not included in the ITC Investigation. However, that '626 Patent is related to the '877 Patent (one of the ITC Patents) as a continuation. The Court should stay the district court litigation regarding the '626 patent because (1) there is no undue prejudice to Plaintiffs; (2) the stay will simply the issues and (3) the case is in its earliest stages, having not yet had an answer filed or progressed to discovery.

The fact that there is no undue prejudice to Plaintiffs is clear because, as noted *supra*, this stay motion is not opposed by Plaintiffs. The second factor for consideration of a stay is simplification of issues. This factor substantially weighs in favor of a stay. The '626 Patent is a continuation of the '877 Patent. As such, claim construction and invalidity issues with respect to one patent will necessarily affect those same issues with respect to the other patent. *See, SZ DJI Tech. Co., Ltd.,* 2019 WL 1244948, at *1 *(quoting, Graphic Props. Holdings, Inc.,* 2014 WL 923314, at *2). Additionally, much of the infringement analysis in the ITC Investigation will overlap with the analysis in the present case. Waiting for completion of the 1181 Investigation will simplify the issues for later consideration by this Court. Finally, considering the third factor, this case is in its earliest stages as the parties have agreed to extend Defendants' date to answer until December 16, 2019 and no discovery has begun. In these circumstances, the factors for consideration of a discretionary stay all weigh in favor of granting the stay.

## V. CONCLUSION

For all the foregoing reasons, including that a stay is mandatory for the ITC Patents and that, for the remaining patent-at-issue, the applicable factors weigh in favor of a stay, Defendants

respectfully request that the Court stay this action. A proposed Order granting this Motion is submitted herewith for the Court's convenience.

Dated: November 18, 2019

Respectfully submitted,

OF COUNSEL:
Blaney Harper
Vishal Khatri
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3939
bharper@jonesday.com
vkhatri@jonesday.com

Yeah-Sil Moon
Stuart W. Yothers
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939
ymoon@jonesday.com
syothers@jonesday.com

Anthony M. Insogna
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
(858) 314-1200
ainsogna@jonesday.com

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendants SK Innovation Co., Ltd. and SK Battery America, Inc.*

**CERTIFICATE OF SERVICE**

I, Adam W. Poff, hereby certify that on November 18, 2019, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Robert M. Oakes
Ronald P. Golden III
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
(302) 652-5070
oakes@fr.com
golden@fr.com

Michael J. McKeon
Lauren A. Degnan
Timothy W. Riffe
Ralph A. Phillips
Daniel A. Tishman
FISH AND RICHARDSON P.C.
1000 Maine Ave., S.W.
Suite 1000
Washington, DC 20024
(202) 626-6448
mckeon@fr.com
degnan@fr.com
riffe@fr.com
rphillips@fr.com
tishman@fr.com

*Attorneys for Plaintiffs*

I further certify that on November 18, 2019, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel.

Dated: November 18, 2019

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendants*