# Exhibit A

**Federal Register** / Vol. 84, No. 213 / Monday, November 4, 2019 / Notices **59415**

the proposed land exchange. The efforts included conducting four public meetings, updating the mailing list for the project, contacting mailing list persons via postcard and newsletter, providing a detailed project website, and interviewing key stakeholders to present details of the land exchange and answer questions. The BLM also put the Draft Supplemental EIS out for a 90-day public comment period and responsed to comments in the Final Supplemental EIS. The Final Supplemental EIS/ Proposed Plan Amendment was published on July 12, 2019.

The Ray Land Exchange Final Supplemental EIS/Proposed Plan Amendment required a 30-day protest period after publication of the Final Supplemental EIS. During the 30-day protest period, the BLM Director received one protest letter. Three of the protest points in the protest letter were remanded back to the State Director for resolution. These three protest points are resolved in the ROD. In addition, the protest letter contained comments on the Final Supplemental EIS. The majority of these comments were previously addressed in the Final Supplemental EIS as response to comments on the Draft Supplemental EIS and responses are captured in Appendix J of the Final Supplemental EIS. Some comments required additional explanation and clarification in the ROD. Neither the protests nor the comments required changes to the Final Supplemental EIS.

The BLM prepared an errata sheet to the Final Supplemental EIS to make some clarifications on BLM's subsurface estate acreage. No comments regarding potential inconsistencies with State and local plans, programs, and policies were received from the Governor's Office during the Governor's Consistency Review process.

(Authority: 40 CFR 1506.6)

**Raymond Suazo,**

*Arizona State Director.*

[FR Doc. 2019–24056 Filed 11–1–19; 8:45 am]

**BILLING CODE 4130–32–P**

## INTERNATIONAL TRADE COMMISSION

**[Investigation No. 337–TA–1181]**

## Certain Lithium-Ion Battery Cells, Battery Modules, Battery Packs, Components Thereof, and Products Containing the Same; Institution of Investigation

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on September 26, 2019, under section 337 of the Tariff Act of 1930, as amended, on behalf of LG Chem, Ltd. of the Republic of Korea; LG Chem Michigan Inc. of Holland, Michigan; and Toray Industries, Inc. of Japan. A supplement was filed on September 27, 2019. The complaint, as supplemented, alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain lithium-ion battery cells, battery modules, battery packs, components thereof (including battery separators and powderous electrode active material), and vehicles containing same by reason of infringement of certain claims of U.S. Patent No. 7,662,517 (''the '517 patent''); U.S. Patent No. 7,638,241 (''the '241 patent''); U.S. Patent No. 7,709,152 (''the '152 patent''); and U.S. Patent No. 7,771,877 (''the '877 patent''). The complaint further alleges that an industry in the United States exists as required by the applicable Federal Statute. The complainants request that the Commission institute an investigation and, after the investigation, issue a limited exclusion order and cease and desist orders.

**ADDRESSES:** The complaint, except for any confidential information contained therein, is available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street SW, Room 112, Washington, DC 20436, telephone (202) 205–2000. Hearing impaired individuals are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at (202) 205–2000. General information concerning the Commission may also be obtained by accessing its internet server at *https://www.usitc.gov*. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov*.

**FOR FURTHER INFORMATION CONTACT:** Katherine Hiner, Office of Docket Services, U.S. International Trade Commission, telephone (202) 205–1802.

**SUPPLEMENTARY INFORMATION:**

*Authority:* The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 CFR 210.10 (2019).

*Scope of Investigation:* Having considered the complaint, the U.S. International Trade Commission, on October 28, 2019, *ordered that*—

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain products identified in paragraph (2) by reason of infringement of one or more of claims 1, 2, 5–15, and 18 of the '517 patent; claims 1–5, 9–12, 14–31, and 33–36 of the '241 patent; claims 1–13 and 16–20 of the '152 patent; and claims 1–7, 18, 20–21, and 23–26 of the '877 patent; and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2) Pursuant to section 210.10(b)(1) of the Commission's Rules of Practice and Procedure, 19 CFR 210.10(b)(1), the plain language description of the accused products or category of accused products, which defines the scope of the investigation, is ''lithium-ion battery cells, battery modules, battery packs, components thereof (including battery separators and powderous electrode active material), and vehicles containing the same'';

(3) For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainants are:

LG Chem, Ltd., LG Twin Towers, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul 07336, Republic of Korea

LG Chem Michigan Inc., 1 LG Way, Holland, MI 49423

Toray Industries, Inc., Nihonbashi Mitsui Tower, 1–1, Nihonbashi-Muromachi, 2-chome, Chuo-ku, Tokyo 103–0022, Japan

(b) The respondents are the following entities alleged to be in violation of section 337, and is/are the parties upon which the complaint is to be served:

SK Innovation Co., Ltd., 26 Jongno-gu, Jongno-gu, Seoul 03188, Republic of Korea

SK Battery America, Inc., 201 17th Street NW, Suite 1700, Atlanta, GA 30363

(4) For the investigation so instituted, the Chief Administrative Law Judge, U.S. International Trade Commission,

shall designate the presiding Administrative Law Judge.

The Office of Unfair Import Investigations will not participate as a party in this investigation.

Responses to the complaint and the notice of investigation must be submitted by the named respondents in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 CFR 210.13. Pursuant to 19 CFR 201.16(e) and 210.13(a), such responses will be considered by the Commission if received not later than 20 days after the date of service by the Commission of the complaint and the notice of investigation. Extensions of time for submitting responses to the complaint and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of a respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of an exclusion order or a cease and desist order or both directed against the respondent.

By order of the Commission.

Issued: October 29, 2019.

**Lisa Barton,**

*Secretary to the Commission.*

[FR Doc. 2019–23989 Filed 11–1–19; 8:45 am]

**BILLING CODE 7020–02–P**

## INTERNATIONAL TRADE COMMISSION

**[Investigation No. 337–TA–1125]**

### Certain Height-Adjustable Desk Platforms and Components Thereof; Commission Determination Not To Review an Initial Determination Granting in Part a Motion for Summary Determination; Schedule for Filing Written Submissions on Remedy, the Public Interest, and Bonding

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** Notice is hereby given that the U.S. International Trade Commission ("Commission") has determined not to review the presiding administrative law judge's ("ALJ") initial determination ("ID") (Order No. 33) granting in part a summary determination on violation of section 337 by certain non-participating respondents in the above-captioned investigation. The Commission is requesting briefing from the parties, interested government agencies, and interested persons on the issues of remedy, the public interest, and bonding.

**FOR FURTHER INFORMATION CONTACT:** Ronald A. Traud, Office of the General Counsel, U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436, telephone (202) 205–3427. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street SW, Washington, DC 20436, telephone (202) 205–2000. General information concerning the Commission may also be obtained by accessing its internet server (*https://www.usitc.gov*). The public record for this investigation may be viewed on the Commission's Electronic Docket Information System ("EDIS") (*https://edis.usitc.gov*). Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal, telephone (202) 205–1810.

**SUPPLEMENTARY INFORMATION:** On July 30, 2018, the Commission instituted this investigation based on a complaint and supplements thereto filed on behalf of Varidesk LLC of Coppell, Texas ("Varidesk"). 83 FR 36621 (July 30, 2018). The complaint alleges violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain height-adjustable desk platforms and components thereof by reason of infringement of one or more claims of U.S. Patent Nos. 9,113,703 ("the '703 patent"); 9,277,809 ("the '809 patent"); 9,554,644 ("the '644 patent"); and 9,924,793 ("the '793 patent"). *Id.* The complaint further alleges that an industry in the United States exists as required by section 337. *Id.*

The Commission's notice of investigation named thirty-one respondents: (1) Albeit LLC of San Francisco, California ("Albeit"); (2) ATC Supply LLC of Plainfield, Illinois ("ATC Supply"); (3) Shenzhen Atc Network Scienology CO., LTD. of Guangdong, China ("Shenzhen ATC"); (4) Best Choice Products of Ontario, California ("Best Choice"); (5) Huizhou Chang He Home Supplies Co., Ltd. of Guangdong, China ("Chang He"); (6) Dakota Trading, Inc. of Emerson, New Jersey ("Dakota"); (7) Designa Inc. of Guangdong, China ("Designa"); (8) Designa Group, Inc. of El Dorado Hills, California ("Designa Group"); (9) Eureka LLC of El Dorado Hills, California ("Eureka"); (10) LaMountain International Group LLC of Elk Grove, California ("LaMountain"); (11) Amazon Import Inc. of El Monte, California ("Amazon Imports"); (12) Hangzhou Grandix Electronics Co., Ltd. of Zhejiang, China ("Grandix"); (13) Ningbo GYL International Trading Co., Ltd. of Zhejiang, China ("Ningbo GYL"); (14) Knape & Vogt Manufacturing Co. of Grand Rapids, Michigan ("Knape & Vogt"); (15) JV Products Inc. of Milpitas, California ("JV Products"); (16) Vanson Distributing, Inc. of Milpitas, California ("Vanson Distributing"); (17) Vanson Group, Inc. of Milpitas, California ("Vanson Group"); (18) S.P. Richards Co. DBA Lorell of Smyrna, Georgia ("Lorell"); (19) Nantong Jon Ergonomic Office Co., Ltd. of Jiangsu, China ("Nanotong Jon"); (20) Jiangsu Omni Industrial Co., Ltd. of Jiangsu, China ("Jiangsu Omni"); (21) OmniMax USA, LLC of Anna, Texas ("OmniMax USA"); (22) Haining Orizeal Import and Export Co., Ltd. of Zhejiang, China ("Haining Orizeal"); (23) Qidong Vision Mounts Manufacturing Co., Ltd. of Jiangsu, China ("Vision Mounts"); (24) Hangzhou KeXiang Keji Youxiangongsi of Hangzhou, China ("Hangzhou KeXiang"); (25) Smugdesk, LLC of La Puente, California ("Smugdesk"); (26) Venditio Group, LLC of Elkton, Florida ("Venditio"); (27) Versa Products Inc. of Los Angeles, California ("Versa"); (28) Victor Technology, LLC of Bolingbrook, Illinois ("Victor"); (29) CKnapp Sales, Inc. DBA Vivo of Goodfield, Illinois ("Vivo"); (30) Wuhu Xingdian Industrial Co., Ltd. of Anhui, China ("Wuhu Xingdian"); and (31) Wuppessen, Inc. of Ontario, California ("Wuppessen"). *Id.* The Office of Unfair Import Investigations ("OUII") was also named as a party in this investigation. *Id.*

During the course of the investigation, Varidesk settled with the following respondents: Venditio, Jiangsu Omni, OmniMax USA, Knape & Vogt, Wuppessen, Victor, Versa, Designa, Designa Group, Eureka, Chang He, Vision Mounts, Vivo, Nanotong Jon, Best Choice, Grandix, Hangzhou KeXiang, Lorell, and Dakota. Order No. 7, *unreviewed,* Notice (Sept. 18, 2018); Order No. 11, *unreviewed,* Notice (Sept. 25, 2018); Order No. 12, *unreviewed,* Notice (Oct. 4, 2018); Order No. 13,